DAVID P. BEITCHMAN (SBN 198953)
dbeitchman@bzlegal.com
ROUBEN VAROZIAN (SBN 258366)
rvarozian@bzlegal.com
ANDRE BONIADI (SBN 266412)
aboniadi@bzlegal.com
**BEITCHMAN & ZEKIAN, P.C.**
16130 VENTURA BLVD., SUITE 570
ENCINO, CALIFORNIA 91436
TELEPHONE: (818) 986-9100
FACSIMILE: (818) 986-9119

*Attorneys for Defendants,*
TORO RIDE, INC., KAREN KEVIN GALSTIAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Plaintiff,<br><br>vs.<br><br>TORO RIDE, INC., KAREN KEVIN GALSTIAN; and DOES 1 through 10,<br><br>Defendants. | **Case No. 2:15-cv-01187-DSF-PLA**<br><br>**DEFENDANTS' OPPOSITION TO ORDER TO SHOW CAUSE AS TO WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE; DECLARATION OF DAVID P. BEITCHMAN**<br><br>**[JURY TRIAL DEMANDED]**<br><br>DATE: 3/2/2015<br>TIME: 1:30 p.m.<br>ROOM: "840"<br><br>Complaint Filed: 2/18/2015<br>T.R.O. Issued: 2/20/2015<br>TRO Served: 2/20/2015 |

- 1 -

**DEFENDANTS' OPPOSITION TO ORDER TO SHOW CAUSE AS TO WHY PRELININARY INJUNCTION SHOULD NOT ISSUE**

Defendants TORO RIDE, INC. and KAREN KEVIN GALSTIAN ("Defendants") hereby submit the following memorandum and supporting documents in opposition to the Court's Order to Show Cause as to why Preliminary Injunction Should Not Issue filed by Plaintiff CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS ("Plaintiff"), and currently set for hearing on March 2, 2015 at 1:30 p.m. in the courtroom of Dale S. Fischer, United States District Judge for the Central District of California, located at 255 E. Temple St., Courtroom 840, Los Angeles, California.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### ARGUMENT

Pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure, "[t]he court may issue a preliminary injunction only on notice to the adverse party." Short notice periods have been deemed adequate, however, where opposing parties protest the lack of notice, request additional time to prepare, did not have ample actual notice of the request for preliminary relief, or otherwise would suffer prejudice due to inadequate notice, Courts have permitted extended periods to oppose. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.* (11th Cir. 2003) 320 F.3d 1205, 1212, fn. 5; *see also*, *United States Dept. of Labor v. Wolf Run Mining Co., Inc.* (4th Cir. 2006) 452 F.3d 275, 283–284.

Plaintiff filed this action on February 18, 2015. On February 19, 2015, Plaintiff filed an Ex Parte Application for Temporary Restraining Order (Document No. 9) in addition to a separate Ex Parte Application for a Right to Attach Order and Order for Issuance of a Writ of Attachment and For Leave to Conduct Limited Expedited Discovery (Document No. 13). In support of said applications, Plaintiff submitted a Memorandum of Points and Authorities that, inclusive of exhibits and attachments, spanned 237 pages.

1    On <u>Friday, February 20, 2015</u>, without providing Defendants with prior notice or an opportunity to appear or otherwise oppose the same (subject to Local Rule 7-19.2), this Court granted Plaintiff's *ex parte* application for expedited discovery (*see* Document No. 15). This Court's order authorized Plaintiff to serve on Defendants separate sets of interrogatories and requests for production of documents, along with notices for the deposition of Defendants to take place within *five calendar days* of service of the notice. That same day, and again without any prior notice or opportunity for Defendants to oppose the same, this Court granted Plaintiff's *ex parte* application for issuance of a temporary restraining order (*see* Document No. 16).

Plaintiff maintains that all sixteen (16) documents currently on file with the Court were purportedly served upon Defendants in the <u>afternoon of Friday, February 20, 2015</u>. At that time, defense counsel was traveling out of town for a prepaid three-day weekend trip, in an area that lacked cell phone service in Ojai, California. On Saturday, counsel for Defendants reached a location that had limited service and at that point first learned of the action via a text message referencing a Law360 news article. As of this time counsel had no actual knowledge of what was filed or the extent thereof, and moreover, Defendants lack the legal sophistication to understand the magnitude and gravity of what they had been served with.

The following business day, <u>Monday, February 23, 2015</u>, counsel for Defendants was scheduled to appear at an all-day mediation in the United States District Court for the Northern District of California (Case No. 3:14-cv-03734-RS). However, having internet access, defense counsel was able to pull certain documents from PACER and at that point began to piece together what had transpired from between February 18, 2015 to February 20, 2015. At 3:00 p.m. on Monday, February 23, 2015, during a break in the mediation, defense counsel promptly telephoned Plaintiff counsel's office to discuss the same and to request cooperation with respect to an amended briefing schedule. Counsel for Defendants advised that there was no way a response/opposition could be prepared and drafted in a 24 hour

- 3 -

1  period to a 237 page TRO application, particularly given the fact that defense counsel
2  was not scheduled to fly back to Los Angeles until 3:54 pm on Tuesday February 24,
3  2015.
4      During their telephone call, Plaintiff's counsel advised that if further assurances
5  could be provided as to Defendants' intention to abide by the TRO, they would
6  internally discuss cooperation regarding an extended briefing schedule.  Thereafter, at
7  6:23pm on Monday, February 23, 2015, defense counsel sent an email to Plaintiff's
8  counsel advising that Defendants would indeed cooperate with the TRO, and that
9  Plaintiff had complete assurance given that this Court issued the TRO and that
10 Defendants were served with the same.
11     Nonetheless, at 6:37 p.m. on Monday, February 23, 2015, Plaintiff's counsel
12 expressed by way of an email response that they would not cooperate with respect to
13 an extended briefing schedule.  Despite having spoken with, received messages from,
14 and exchanged emails with multiple counsel within Plaintiff's firm, no mention was
15 made as to the status of discovery requests, or the deposition notice.  Only having
16 access to PACER records, counsel for Defendant was unaware that any had been
17 served on Defendants.  Defendants too were unaware of such, particularly in light of
18 the voluminous nature of the package received.
19     The first time defense counsel became aware that written discovery was served
20 was by way of an email from Plaintiff's counsel at <u>5:58 pm on Tuesday, February 24,
21 2015</u>.  It took further exchange and an actual request from defense counsel to
22 encourage courtesy copies of the same to be provided.  Ultimately, at 7:19 pm on
23 February 24, 2015, defense counsel finally received courtesy electronic copies of the
24 discovery requests and deposition notice that were served on Defendants during the
25 afternoon on Friday, February 20, 2015.
26     Under these circumstances it is patently unreasonable and a gross violation of
27 due process, and the FRCP to require Defendants a) to review and/or oppose a 237
28 page TRO Application in 48 hours, b) to respond to overreaching written discovery

- 4 -

1  served on Defendants, copies of which were provided to defense counsel the very day
2  the same were due, and c) to appear at a deposition the following day after notice was
3  received by defense counsel.

4        In light of the extremely strict requirements imposed upon Defendants, it is
5  highly prejudicial for Defendants as well as defense counsel to be expected to review
6  a voluminous stack of documents filed with the Court, to conduct any sort of
7  investigation and/or fact gathering regarding the same, to prepare a formal
8  memorandum in opposition to a 237 page application, to draft full and complete
9  responses to separate sets of written discovery propounded upon Defendants, and/or to
10 prepare and coordinate a deposition all within a 48 hour period. Simply put, such
11 stringent requirements could simply not be met given the extreme time constraints and
12 copious paperwork filed against the defense. *See Granny Goose Foods, Inc. v.*
13 *Brotherhood of Teamsters & Auto Truck Drivers* (1974) 415 U.S. 423, 432 ("Rule
14 65(a) implies a hearing in which the defendant is given a fair opportunity to oppose
15 the application and to prepare for such opposition").

16       Accordingly, Defendants respectfully request that this Court afford the defense
17 a reasonable and fair opportunity to oppose the Order to Show Cause regarding
18 Preliminary Injunction. Pursuant to Rule 65(b)(2) of the Federal Rules of Civil
19 Procedure, a TRO issued without notice expires automatically within 14 days from the
20 date of entry. The duration, however, may be extended by consent of both parties for
21 a longer period. F.R.C.P. 65(b)(2); *see Hudson v. Barr* (6th Cir. 1993) 3 F.3d 970,
22 974–975.

23       Here, in light of the expedited timing and nature of Plaintiff's request for a
24 preliminary injunction, defense counsel offered in good faith to extend the application
25 of the TRO to a later date so as to enable Defendants the fundamental right to make an
26 appearance and be heard on the issues presented to the Court. *See Intel Corp. v. ULSI*
27 *Systems Technology, Inc.* (Fed. Cir. 1993) 995 F.2d 1566, 1568 ("a preliminary
28 injunction is a drastic and extraordinary remedy that is not to be routinely granted").

- 5 -

**DEFENDANTS' OPPOSITION TO ORDER TO SHOW CAUSE AS TO WHY PRELINIARY INJUNCTION SHOULD NOT ISSUE**

Indeed, Plaintiff would suffer absolutely no prejudice in light of an extension of the Order to Show Cause hearing dates and briefing schedules, since the Preliminary Injunction would be identical in nature to the TRO that was issued and now in force.

## II.
## CONCLUSION

Predicated on the foregoing, Defendants respectfully request that this Court extend the hearing date of the Order to Show Cause subject to a stipulated extension of the duration of the TRO, and to further afford Defendants with a reasonable opportunity to present a defense by extending the briefing deadlines.

DATED:  February 25, 2015            **BEITCHMAN & ZEKIAN, P.C.**

                                     By:  /s/ Andre Boniadi
                                          Andre Boniadi,
                                          *Attorneys for Defendants,*
                                          TORO RIDE, INC., KAREN KEVIN GALSTIAN

## DEMAND FOR JURY TRIAL

Defendants hereby demand trial by jury.

DATED:  February 25, 2015            **BEITCHMAN & ZEKIAN, P.C.**

                                     By:  /s/ Andre Boniadi
                                          Andre Boniadi,
                                          *Attorneys for Defendants,*
                                          TORO RIDE, INC., KAREN KEVIN GALSTIAN

- 6 -

**DEFENDANTS' OPPOSITION TO ORDER TO SHOW CAUSE AS TO WHY PRELININARY INJUNCTION SHOULD NOT ISSUE**

## DECLARATION OF DAVID P. BEITCHMAN

I, David P. Beitchman, hereby declare as follows:

1. I am an attorney duly licensed to practice before all courts of the State of California and principal of Beitchman & Zekian, P.C., attorneys of record herein for Defendants TORO RIDE, INC. and KAREN KEVIN GALSTIAN ("Defendants"). I have personal knowledge of the facts herein alleged and if called upon to testify thereto, I could and would competently do so.

2. Plaintiff filed this action on February 18, 2015. On February 19, 2015, Plaintiff filed an Ex Parte Application for Temporary Restraining Order (Document No. 9) in addition to a separate Ex Parte Application for a Right to Attach Order and Order for Issuance of a Writ of Attachment and For Leave to Conduct Limited Expedited Discovery (Document No. 13). In support of said applications, Plaintiff submitted a Memorandum of Points and Authorities that, inclusive of exhibits and attachments, spanned 237 pages.

3. On Friday, February 20, 2015, without providing Defendants with prior notice or an opportunity to appear or otherwise oppose the same (subject to Local Rule 7-19.2), this Court granted Plaintiff's *ex parte* application for expedited discovery (*see* Document No. 15). This Court's order authorized Plaintiff to serve on Defendants separate sets of interrogatories and requests for production of documents, along with notices for the deposition of Defendants to take place within *five calendar days* of service of the notice. That same day, and again without any prior notice or opportunity for Defendants to oppose the same, this Court granted Plaintiff's *ex parte* application for issuance of a temporary restraining order (*see* Document No. 16).

4. Plaintiff maintains that all sixteen (16) documents currently on file with the Court were purportedly served upon Defendants in the afternoon of Friday, February 20, 2015. At that time, defense counsel was traveling out of town for a prepaid three-day weekend trip, in an area that lacked cell phone service in Ojai, California. On Saturday, counsel for Defendants reached a location that had limited

- 7 -

**DEFENDANTS' OPPOSITION TO ORDER TO SHOW CAUSE AS TO WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

1  service and at that point first learned of the action via a text message referencing a
2  Law360 news article.  As of this time I had no actual knowledge of what was filed or
3  the extent thereof, and moreover, Defendants lack the legal sophistication to
4  understand the magnitude and gravity of what they had been served with.
5      5.     The following business day, <u>Monday, February 23, 2015</u>, I was
6  scheduled to appear at an all-day mediation in the United States District Court for the
7  Northern District of California (Case No. 3:14-cv-03734-RS).  However, having
8  internet access, I was able to pull certain documents from PACER and at that point
9  began to piece together what had transpired from between February 18, 2015 to
10 February 20, 2015.  At 3:00 p.m. on Monday, February 23, 2015, I promptly
11 telephoned Plaintiff counsel's office to discuss the same and to request cooperation
12 with respect to an amended briefing schedule.  I advised that the TRO application was
13 237 pages long, and there was no way a response/opposition could be prepared and
14 drafted in a 24 hour period, particularly given the fact that I was not scheduled to fly
15 back to Los Angeles until 3:54 pm on Tuesday February 24, 2015.
16     6.     During our telephone call, Plaintiff's counsel advised that if further
17 assurances could be provided as to Defendants' intention to abide by the TRO, they
18 would internally discuss cooperation regarding an extended briefing
19 schedule.  Thereafter, at 6:23pm on Monday, February 23, 2015, I sent an email to
20 Plaintiff's counsel advising that Defendants would indeed cooperate with the TRO,
21 and that Plaintiff had complete assurance given that this Court issued the TRO and
22 that Defendants were served with the same.
23     7.     Nonetheless, at 6:37 p.m. on Monday, February 23, 2015, Plaintiff's
24 counsel expressed by way of an email response that they would not cooperate with
25 respect to an extended briefing schedule.  Despite having spoken with, received
26 messages from, and exchanged emails with multiple counsel with Plaintiff's firm, no
27 mention was made as to the status of discovery requests, or the deposition
28 notice.  Only having access to PACER records, I was unaware that any had been

- 8 -

**DEFENDANTS' OPPOSITION TO ORDER TO SHOW CAUSE AS TO WHY PRELININARY INJUNCTION SHOULD NOT ISSUE**

served on Defendants.  Defendants too were unaware of such, particularly in light of the voluminous nature of the package received.

8. The first time I became aware that written discovery was served was by way of an email from Plaintiff's counsel at 5:58 pm on Tuesday, February 24, 2015.  It took further exchange and an actual request from me to encourage courtesy copies of the same to be provided.  Ultimately, at 7:19 pm on February 24, 2015, I finally received courtesy electronic copies of the discovery requests and deposition notice that were served on Defendants during the afternoon on Friday, February 20, 2015.

9. Attached hereto as **Exhibit "A"** is a true and correct copy of the email string between counsel memorializing the foregoing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: 2/25/2015                       /s/ David P. Beitchman
                                       David P. Beitchman, declarant

**DEFENDANTS' OPPOSITION TO ORDER TO SHOW CAUSE AS TO WHY PRELININARY INJUNCTION SHOULD NOT ISSUE**

# EXHIBIT "A"

## Andre Boniadi

| | |
|---|---|
| **From:** | David P. Beitchman |
| **Sent:** | Tuesday, February 24, 2015 7:41 PM |
| **To:** | Gregory Ellis |
| **Cc:** | Andre Boniadi; Rouben Varozian; Alexander Cote; David C. Scheper; Jean Nelson |
| **Subject:** | Re: Verizon/ Toro Ride |

Greg- thank you for finally thinking it wise to send courtesy copies at this late hour (its quite funny that you would expect me to request things i do not know exist; I will be more mindful in the future).

I have not had the opportunity to meet with my client yet, for the reasons I have repeatedly reminded you and your colleagues.  The only documents I reviewed were the Complaint and TRO that my office was able to retrieve from PACER and email to me while i was out of town.

Proceed as you wish.  Have a nice evening and will look forward to speaking with you, Dave

---

**From:** Gregory Ellis <gellis@scheperkim.com>
**Sent:** Tuesday, February 24, 2015 7:19 PM
**To:** David P. Beitchman
**Cc:** Andre Boniadi; Rouben Varozian; Alexander Cote; David C. Scheper; Jean Nelson
**Subject:** RE: Verizon/ Toro Ride

David,

Thank you for your response.  Judge Fischer's order granting expedited discovery, as well as Verizon's discovery requests and deposition notice, were included in the materials that were served on your client Friday.  Any failure to provide the discovery to you is an issue that you will need to raise with your client.

As for your belated request for courtesy copies, your statement in your e-mail to Jean yesterday (included below in this string) that you had "looked at the papers" indicated that you already had the materials that were served.  That said, attached please find copies of Judge Fischer's order granting expedited discovery, the discovery requests and deposition notice that were served on your client Friday, as well as the proofs of service for both Toro Ride and Mr. Galstian.

We will proceed accordingly.

**Gregory A. Ellis**
Scheper Kim & Harris LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
T (213) 613-4673 ● F (213) 613-4656
gellis@scheperkim.com ● Vcard: link

---

**From:** David P. Beitchman [mailto:dbeitchman@bzlegal.com]
**Sent:** Tuesday, February 24, 2015 6:18 PM
**To:** Gregory Ellis
**Cc:** Andre Boniadi; Rouben Varozian; Alexander Cote; David C. Scheper; Jean Nelson
**Subject:** Re: Verizon/ Toro Ride

Greg-  Thank you for your email below.  As Jean knows, and as you likely now know, I was in the Northern District Monday, until I landed at LAX about an hour ago.

I have seen no such discovery requests or deposition notice, and to the best of my knowledge, nor is my client aware of the same.  He is aware he was served with a Complaint and certain motions and is planning on meeting me tomorrow and providing me copies of everything he was served (something your office could have readily done as a courtesy by email as early as Monday afternoon).  It is somewhat distressing that in my prior email and telephone exchanges with your firm (including exchanged voicemails from your office), that 6:00 pm on the eve of the alleged response/deposition date is the first time mention of the same is made.  I will reserve further comment on the issue until we are able to speak.

Needless to say there will be no appearance at your alleged deposition and thus you may proceed accordingly; I would suggest that had you advised of the proceeding prior to 6:00 pm tonight, you certainly could have canceled your reporter without cancellation charges, thus we will not be liable for any fees re the same.

Given the volume of documents served and matters pending, combined with the Friday afternoon service of the same, as well as my obligation to be in Federal Court in San Francisco, I had asked for your firm's cooperation on prior occasion and that request was denied, so i will not ask again. Unfortunately, I suppose we will be required to address this with the Court in due course.

Should you have a change of position, I will look forward to your call.  Regardless, I can assure you that sandbagging and blitzkrieg litigation tactics will not advance your Client's position by any means.  I would instead suggest that the opposite would more likely be the result- needless law and motion and further delay.  When I spoke with Jean I offered my, and my client's complete cooperation.  Apparently that offering also fell on uncooperative ears.

let me know if you would like to speak tomorrow.  Thanks again and have a nice night. Dave

---

**From:** Gregory Ellis <gellis@scheperkim.com>
**Sent:** Tuesday, February 24, 2015 5:58 PM
**To:** David P. Beitchman
**Cc:** Andre Boniadi; Rouben Varozian; Alexander Cote; David C. Scheper; Jean Nelson
**Subject:** RE: Verizon/ Toro Ride

David,

I write to follow up on Jean's e-mail below.  As you know, Defendants' discovery responses were due today under the schedule set out in the Court's order granting expedited discovery, and Toro Ride's deposition is set for tomorrow.  No discovery responses have been received, nor have we seen any application by Defendants for relief from the Court's schedule in the TRO and the order granting expedited discovery.  Will Toro Ride be producing a witness for deposition tomorrow?

Greg
**Gregory A. Ellis**
Scheper Kim & Harris LLP
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071-2025

T (213) 613-4673 ● F (213) 613-4656
gellis@scheperkim.com ● Vcard: link

---

**From:** Jean Nelson
**Sent:** Monday, February 23, 2015 6:37 PM
**To:** David P. Beitchman
**Cc:** Andre Boniadi; Rouben Varozian; Gregory Ellis; Alexander Cote; David C. Scheper
**Subject:** RE: Verizon/ Toro Ride

David,

Thank you for your message.  I understand that you did not get retained until today.  Nonetheless, my client cannot agree to an extension of the briefing schedule or the discovery schedule.  I understand you will be making an ex parte application for an extension.  We look forward to receiving your application.

Sincerely,

Jean

Jean M. Nelson
Scheper Kim & Harris LLP
601 West 5th Street, 12th Floor
Los Angeles, CA  90071
Office:  (213) 613-4677
Cell:  (626) 664-6491

---

**From:** David P. Beitchman [mailto:dbeitchman@bzlegal.com]
**Sent:** Monday, February 23, 2015 6:23 PM
**To:** Jean Nelson
**Cc:** Andre Boniadi; Rouben Varozian
**Subject:** Verizon/ Toro Ride

Jean- nice speaking with you.  I'm following up on my request for an extension with respect to the briefing schedule we spoke about.  I have been in the Northern District all day today in mediation, as mentioned, so am just getting up to speed on your TRO.

You had mentioned that if I were to provide you with further assurances, you would discuss with your partners, the possibility of agreeing to an extended briefing schedule.  Having looked at the papers, frankly I am not sure what further assurances I could provide you that hold more weight than an Order issued by a Federal Court.  The TRO is in place and my client assures me that he will abide by that Order under all circumstances.

Let me know what you think I could provide you in line with the TRO that may assist us in getting your cooperation.  As you know, and as I mentioned, Defendants were served Friday afternoon, and my firm, in my absence, was retained today- at the first possible opportunity.  Your motion is about 250 pages, so clearly, we need some time to address.

Thank you in advance for the consideration, I will look forward to working with you. Dave

David P. Beitchman



16130 Ventura Blvd., Suite 570
Encino, California 91436
Tel. (818) 986-9100
Fax. (818) 986-9119

www.bzlegal.com

4